UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

v.

RONNIE GEORGE and NANCY STONE,

                Defendants.

No. CR11-213Z

ORDER

THIS MATTER comes before the Court on defendant Nancy Stone's motion, docket no. 41, in which defendant Ronnie George joins, docket no. 44, to dismiss Counts 1 and 5 of the Indictment. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court DENIES the motion and enters the following Order.

**A.**    <u>**Collateral Estoppel**</u>

Defendants Stone and George contend that the Government is collaterally estopped from disputing that defendant George is "disabled" within the meaning of the Social Security Act, <u>see</u> 42 U.S.C. §§ 416(i) & 1382c(a)(3), by the finding of an administrative law judge ("ALJ"), on May 30, 1991, that defendant George had been under a disability since April 4, 1990. Ex. 1 to Memorandum (docket no. 42-1 at 4). Defendants' argument lacks merit. The doctrine of collateral estoppel, also known as "issue preclusion," bars relitigation of an issue

ORDER - 1

adjudicated in an earlier proceeding if (i) the issue was necessarily decided in the previous action and is identical to the one now before the Court, (ii) the prior matter ended with a final judgment on the merits, and (iii) the party against whom collateral estoppel is asserted was a party or in privity with a party to the earlier case. *Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287*, --- F.3d ---, 2011 WL 1902675 at *2 (9th Cir. May 20, 2011); *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (both res judicata and collateral estoppel "apply to criminal and civil proceedings, and both require privity between the parties" (citation omitted)); *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988).

None of the requirements for collateral estoppel are met here. The issue before the ALJ in the earlier proceeding was whether, as of May 30, 1991, defendant George had been under a disability since April 4, 1990. The issue now before the Court is whether defendant George intentionally concealed and failed to disclose to the Social Security Administration that he was *inter alia* capable of and in fact working, resulting in the payment to him of benefits to which he was not entitled.[1] *See* Superseding Indictment at ¶ 19 (docket no. 70). Thus, the issues in the previous and current action are not identical. Moreover, the ALJ's conclusion that defendant George was under a disability as of May 30, 1991, is not a final determination within the meaning of the collateral estoppel doctrine. A finding that an individual is "under a disability" is periodically reviewed, and a determination that a disability has ended may result in termination of benefits. *See* 42 U.S.C. § 421(i); 20 C.F.R.

---

[1] The Government asserts that collateral estoppel does not apply because the prior determination of disability was procured through fraud, citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Abatti v. Comm'r*, 859 F.2d 115 (9th Cir. 1988). The Court is not persuaded that either authority supports the Government's position; those cases did not involve collateral estoppel, but rather dealt with the authority of a court to vacate its own decision in the presence or absence of fraud. The Court declines to further examine whether extrinsic or intrinsic fraud might undermine the preclusive effect of a previous ruling because any such doctrine would depend on a finding of fraud, which is the very subject of the various criminal charges in this case and is therefore solely within the province of the jury.

ORDER - 2

§§ 416.994 & 416.1331; *see also* <u>Buckley v. Heckler</u>, 739 F.2d 1047 (5th Cir. 1984). Finally, the Government was not a party to the prior proceeding, and did not have a "full and fair opportunity" to litigate, <u>Robi</u>, 838 F.2d at 322, whether defendant George was (or continues to be) disabled within the meaning of the Social Security Act. <u>Cohen v. United States</u>, 571 F. Supp. 589, 595 (S.D.N.Y. 1983) ("Social Security disability hearings are not adversary proceedings in which the United States appears as a party to oppose an applicant's claim. The ALJ is not a counsel representing the Government but is an 'examiner charged with developing the facts.'" (citations omitted)); *see also* <u>United States v. Bustos</u>, 2011 WL 1525614 (9th Cir. Apr. 22, 2011). In sum, the Government is not collaterally estopped from disputing that defendant George is disabled within the meaning of the Social Security Act.

**B.    <u>Duplicitous Counts / Statute of Limitations</u>**

Defendants Stone and George also assert that Counts 1 and 5 of the original Indictment, docket no. 1, are duplicitous, joining together distinct offenses, some of which are beyond the statute of limitations.[2] The Court disagrees. An indictment is unconstitutionally duplicitous if it joins in a single count "two or more distinct and separate offenses." <u>United States v. UCO Oil Co.</u>, 546 F.2d 833, 835 (9th Cir. 1976). Duplicity is prohibited because it might result in a guilty verdict without requiring the jury to reach a unanimous verdict on the commission of a particular offense, *id.*, and because it might permit the prosecution of related but different crimes when, as to one or more of them, the statute of limitations has already expired, *see* <u>United States v. Smith</u>, 373 F.3d 561, 563 (4th Cir. 2004); *see also* <u>Toussie v. United States</u>, 397 U.S. 112, 114-15 (1970) (discussing the purposes of statutes of limitations).

---

[2] The Superseding Indictment, docket no. 70, which was issued after defendants filed the current motion to dismiss, renders moot most of defendants' complaints about Count 5, which has been replaced by Counts 11 to 15, each of which constitutes a "representative sample" of defendants' alleged thefts, and each of which is alleged to have occurred within the five-year statute of limitations.

ORDER - 3

The question of whether a count charges only one crime or separate offenses is interrelated with the issue of when the relevant statute of limitations begins to run. Generally, the statute of limitations commences when a single criminal act is completed. *See Toussie*, 397 U.S. at 115. If, however, a series of related criminal acts extend over a period of time, and if they may be treated as a "continuing offense," then the statute of limitations runs from the date the continuing offense concluded. *See Smith*, 373 F.3d at 568; *see also United States v. Krstic*, 558 F.3d 1010, 1017 (9th Cir. 2009) ("[P]ossessory offenses have long been described as 'continuing offenses' that are not complete upon receipt of the prohibited item. Rather, the statute of limitations does not begin to run until the possessor parts with the item."). The "continuing offense" doctrine is applied sparingly, and it may be invoked only if "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie*, 397 U.S. at 115.

The Court is satisfied that the crimes alleged in Counts 1 and 5 of the Indictment constitute continuing offenses. Although the statutes, 42 U.S.C. § 1383a(a)(3) and 18 U.S.C. § 641, do not expressly indicate that the offenses at issue are continuing ones, they define crimes that Congress must have intended to treat as continuing offenses. *See United States v. Banks*, 708 F. Supp. 2d 622 (E.D. Ky. 2010). In *Banks*, the court was guided by the Supreme Court's seminal discussion of continuing offenses like conspiracy, in which "each day's acts bring a renewed threat of the substantive evil Congress sought to prevent." *Id.* at 624 (citing *Toussie*, 397 U.S. at 122). The court in *Banks* observed that, in § 1383a(a)(3), "the so-called 'renewed threat of evil Congress sought to prevent' is wrongfully obtaining an 'initial or continued right' to a social security benefit." *Id.* Because the concealment of or failure to disclose an event affecting the right to social security benefits does not result in simply one undue benefit, but rather implicates "all further benefits going forward," the offense defined in § 1383a(a)(3) is a continuing one. *Id.*; *see also Smith*, 373 F.3d at 567-68 (concluding that

ORDER - 4

defendant, who failed to report the death of his mother and continued to receive her social security benefits, was properly charged under 18 U.S.C. § 641 with a continuing offense of embezzling, stealing, and converting to his own use property of the United States).  Because Counts 1 and 5 of the Indictment allege continuing offenses, defendants' contentions that the charges are duplicitous and are barred by the statute of limitations lack merit.

**C.  Due Process / Pre-indictment Delay**

Defendants raise as an additional basis for dismissal what they characterize as a 20-year delay in bringing the charges at issue.  The Court rejects defendants' argument.  The Due Process Clause of the Fifth Amendment plays a limited role in protecting against pre-indictment delay because "statutes of limitations provide a predictable, legislatively enacted limitation on prosecutorial delay."  United States v. Sperow, 412 Fed. Appx. 4, 5 (9th Cir. 2010) (citing United States v. Lovasco, 431 U.S. 783, 789 (1977)).  To show unconstitutional pre-indictment delay, a defendant must first establish that he or she "suffered actual, non-speculative prejudice from the delay."  Id. (citing United States v. Gilbert, 266 F.3d 1180, 1187 (9th Cir. 2001), and United States v. Sherlock, 962 F.2d 1349, 1353 (9th Cir. 1992)).  To satisfy this test, a defendant must demonstrate how the testimony of lost witnesses would have benefitted his or her defense.  Id.  Only if a defendant meets this first prong does the Court consider the other prong of the inquiry, namely "whether the delay, when balanced against the prosecution's reasons for it, 'offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'''"  Id. (quoting Gilbert, 266 F.3d at 1187 (quoting Sherlock, 962 F.2d at 1353-54)); see id. at 6 ("A defendant must satisfy the first prong of the test before the court even considers the second prong.").

Because Counts 1 and 5 charge continuing offenses, defendants' assertion of a 20-year delay is inaccurate, and their contention that pre-indictment delay warrants dismissal is wholly lacking in merit.  Moreover, with respect to their allegation of delay, defendants have not made the requisite showing of actual, non-speculative prejudice.  Defendants do not

indicate that they have attempted to locate witnesses, but have been unsuccessful due to the death or unavailability of such persons, or that they have requested records, only to learn of their destruction. Defendants offer only mere speculation as to what evidence might have been lost. Such conjecture is simply not adequate to obtain the relief requested.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss Counts 1 and 5 of the Indictment, docket nos. 41 and 44, is DENIED.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 29th day of September, 2011.

Thomas S. Zilly
United States District Judge